11-1675-cv
Scibilia v. Verizon Commc'ns, Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of August, two thousand twelve.

PRESENT:  REENA RAGGI,
                 GERARD E. LYNCH,
                 DENNY CHIN,
                          *Circuit Judges.*

------------------------------------------------------------------------------------

ROSARIO SCIBILIA,

                          *Plaintiff-Appellant,*

                 v.                                                          No. 11-1675-cv

VERIZON COMMUNICATIONS, INC., EMPIRE CITY SUBWAY COMPANY,

                          *Defendants-Appellees.*[*]

------------------------------------------------------------------------------------

APPEARING FOR APPELLANT:          PETER C. LOMTEVAS, Esq., Ozone Park, New York.

APPEARING FOR APPELLEES:          MARTIN W. ARON, Jackson Lewis LLP, New York, New York.

---

[*] The Clerk of Court shall amend the caption as shown above.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Roslynn R. Mauskopf, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on March 30, 2011, is AFFIRMED.

Rosario Scibilia appeals from an award of summary judgment in favor of defendants Verizon Communications, Inc. and Empire City Subway Company (collectively, "Verizon") on his claim that Verizon, his employer, breached a collective bargaining agreement ("CBA") by erroneously charging Scibilia's allotment of overtime hours for purposes of determining his future eligibility for overtime work, and improperly reassigning Scibilia from the night to the day shift. We review the district court's award of summary judgment de novo, drawing all reasonable inferences and resolving all ambiguities in Scibilia's favor. See Redd v. N.Y. Div. of Parole, 678 F.3d 166, 174 (2d Cir. 2012). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

Although Scibilia styled his action against Verizon as a state law claim for breach of contract, the district court properly re-framed it as a federal claim under § 301 of the Labor Management Relations Act ("LMRA"), codified at 29 U.S.C. § 185(a). See United Steelworkers of Am. v. Rawson, 495 U.S. 362, 368 (1990) ("[A]ny state-law cause of action for violation of collective-bargaining agreements is entirely displaced by federal law under § 301 . . . ."); Vera v. Saks & Co., 335 F.3d 109, 113–14 (2d Cir. 2003). Scibilia may not

pursue relief for breach of the CBA under the LMRA unless he attempted to exhaust the grievance and arbitration remedies that the CBA affords. See DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 163 (1983); Hines v. Anchor Motor Freight, Inc., 424 U.S. 554, 563 (1976). Here, it is undisputed that Scibilia's union, on behalf of Scibilia, did not attempt to exhaust the three-step grievance procedure or arbitration remedy available under the CBA. Scibilia's union pursued his two 2007 grievances only through the second step of Verizon's grievance procedure, and the union settled Scibilia's two 2008 grievances at the first step after concluding that Verizon had not violated the CBA. The union never sought arbitration on his behalf. Having failed to attempt to exhaust the grievance procedure, Scibilia can succeed on his claim against Verizon for breach of the CBA only if he proves that his union breached its duty of fair representation by not pursuing his claims further. See DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. at 164–65; accord White v. White Rose Food, 237 F.3d 174, 178–79 (2d Cir. 2001). On appeal, Scibilia challenges the district court's determination that there was no genuine issue of material fact as to the union's breach of its duty of fair representation. His challenge fails.

"[A] union breaches the duty of fair representation when its conduct toward a member of the bargaining unit is arbitrary, discriminatory, or in bad faith." Marquez v. Screen Actors Guild, Inc., 525 U.S. 33, 44 (1998). Further, "under the 'arbitrary' prong, a union's actions breach the duty of fair representation only if the union's conduct can be fairly characterized as so far outside a wide range of reasonableness that it is wholly irrational or arbitrary." Id.

3

at 45 (internal quotation marks and alteration omitted); accord White v. White Rose Food, 237 F.3d at 179. The record shows that the union's representation of Scibilia fell within this "wide range of reasonableness" and was not otherwise discriminatory or in bad faith. Indeed, the record compels the conclusion either that Scibilia's grievances against Verizon lacked merit or that the union, at worst, was negligent for not pursuing them further. In either case, Scibilia has not established a triable issue that the union breached its duty of fair representation. See Cruz v. Local Union No. 3 of Int'l Bhd. of Elec. Workers, 34 F.3d 1148, 1153–54 (2d Cir. 1994) ("[T]he duty of fair representation is not breached where the union fails to process a meritless grievance, engages in mere negligent conduct, or fails to process a grievance due to error in evaluating the merits of the grievance.").

Scibilia's 2008 overtime grievance, which the union settled, alleged that Verizon improperly charged him overtime hours during his medical leave from November 2007 to March 2008. But the CBA is clear that, when an employee is absent for more than thirty days, as Scibilia was between the dates specified, he is to be charged "with the weekly average of overtime of his group during that portion of his absence." Errico Decl., Ex. D § 59.04(7).

Similarly, Scibilia's 2007 overtime grievance, which the union did not pursue beyond the second grievance step, alleged that Verizon erroneously charged him overtime hours for overtime shifts he declined. The CBA states that when an employee is assigned to work overtime, but is then excused from that shift by his own request, he is to be charged with "the

4

number of hours he would have been paid had he worked." Errico Decl., Ex. C § 59.03(2). Thus, Scibilia would not have prevailed on his grievance insofar as he contested Verizon's charging of overtime for assigned shifts from which he was excused by his own request. Scibilia's written description of his grievance to the union, however, suggested that he was charged for overtime shifts that were merely offered, not assigned, to him. Even if Scibilia's written description were accurate, however, Verizon would still be entitled to summary judgment because Scibilia fails to point to any evidence indicating that the union was anything more than negligent in evaluating the merits of Scibilia's grievance and concluding that it was not worth pursuing further because there was no violation of the CBA. See Cruz v. Local Union No. 3 of Int'l Bhd. of Elec. Workers, 34 F.3d at 1153–54. We reject Scibilia's contention that the union's decisions not to obtain a formal letter from Verizon denying Scibilia's grievance and to pursue the grievance to the third step are sufficient to support an inference of "collusion" between the union and Verizon against Scibilia. Appellant's Br. 25. In the absence of any other evidence, a fact finder could so conclude only by resort to speculation, which is insufficient to defeat summary judgment. See Hicks v. Baines, 593 F.3d 159, 166 (2d Cir. 2010).

Scibilia's 2008 grievance regarding his reassignment from the night to day shift, which Scibilia initially filed in 2007, also fails under the CBA's terms. Scibilia claimed that he had worked night shifts between November 2006 and March 2007 as a "senior volunteer," rather than pursuant to an assigned rotation, and he therefore could not be rotated to a

5

different day shift under the CBA.  Pl.'s Opp'n to Summ. J., Ex. A.  The union discovered, however, that Scibilia was not working as a "senior volunteer," but was staffed on a special project "that was above and beyond . . . routine core business requirements," and that "was not considered to be part of the night tour rotation."  Errico Decl. ¶ 22.  Thus, according to Verizon, Scibilia's continued night duty was not subject to the CBA provision governing assignment to night and day shifts.  In light of this evidence, which is contradicted only by Scilibia's initial description of his grievance to the union, no reasonable fact finder could find that the union's decision to settle the grievance at the first step was arbitrary, discriminatory, or made in bad faith.  Accordingly, there is no genuine issue of material fact as to the union's breach of its duty of fair representation with respect to Scibilia's grievances.

We have considered Scibilia's remaining arguments and conclude that they are without merit.  The judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

6